**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joan Gatz, | No. CV-24-02691-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Life Time Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Joan Gatz's motion to amend the complaint. (Doc. 26). Defendant Life Time Incorporated ("Life Time")[1] responded. (Doc. 29). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the following reasons, the Court grants the motion.

**I.     MOTION TO AMEND**

Plaintiff seeks leave from this Court to amend her complaint to: (1) substitute Kristina Smith as a defendant and (2) add claims. (Doc. 26 at 2). This motion is timely under the Court's scheduling order. (Doc. 17). Because the amendments tee up different legal issues, the Court will analyze them separately.

---

[1] In addition to Life Time Incorporated, Plaintiff names numerous fictitious defendants. (Doc. 1 at 6-7 (naming Black and White Partnerships I-X, ABC Corporations I-X, and John and Jane Does I-X)). "Generally, the Federal Rules of Civil Procedure do not permit the use of Doe defendants." *Ivan v. Wells Fargo Bank, N.A.*, 12-CV-1065-PHX-JAT, 2012 WL 3095050, at *2 (D. Ariz. July 30, 2012) (citing Fed. R. Civ. P. 10(a)); *see also Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir. 1969). Plaintiff has not offered a persuasive reason to depart from the Rules. The Court will therefore utilize the singular shorthand of "Defendant" to refer to Life Time Incorporated throughout this Order, reflecting its status as the only properly pleaded defendant as of this Order.

### a. Add Defendant

In her original complaint, Plaintiff alleged that the instructor of a stretching class at Life Time Fitness told Plaintiff "to anchor the stretching band around a treadmill handle," which resulted in Plaintiff falling and injuring herself. (Doc. 1 at 7). Through discovery, Plaintiff learned the "true identity" of the instructor. (Doc. 26 at 3). Plaintiff now seeks to "substitute" the instructor, Kristina Smith, as a defendant in this lawsuit. (Doc. 26 at 2-3).

Both Ms. Smith and Plaintiff are residents of Arizona. (Doc. 27 at 1). Life Time removed this action to federal court on the basis of diversity jurisdiction.[2] (Doc. 1 at 2). As such, if the Court grants Plaintiff's motion to add a non-diverse defendant, the Court will lose diversity jurisdiction. The parties disagree about what legal standard controls this scenario. Plaintiff argues that the Court should grant her motion under Federal Rule of Civil Procedure 15(a)(2), which states that the Court "should freely give leave [to amend] when justice so requires."[3] Life Time argues that the Court should deny Plaintiff's motion pursuant to 28 U.S.C. § 1447(e) ("Section 1447(e)"). Under Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[4]

---

[2] This case does not involve a federal question.

[3] Plaintiff also argues that the amended complaint should "relate back" to the initial date of filing under Rule 15(c). (Doc. 26 at 3). However, because Plaintiff does not otherwise identify a statute of limitations concern such that Rule 15(c) is relevant, the Court does not find Plaintiff's Rule 15(c) analysis relevant here.

[4] Although Plaintiff uses the term "substitute" and frames her motion as a motion to amend under Rule 15, if granted, the amendment would amount to a permissive joinder under Federal Rule of Civil Procedure 20. While Plaintiff does not explicitly say so, the Court presumes that Plaintiff seeks to add, or "substitute," Ms. Smith to this case because any right Plaintiff has to relief against Ms. Smith "aris[es] out of the same transaction [or] occurrence" or brings up a common "question of law or fact." Fed. R. Civ. P. 20(a)(2). For purposes of this Order, the Court finds the Rule 20(a) requirements satisfied. However, as discussed above, because Rule 20(a) does not end the inquiry when joinder destroys diversity jurisdiction post-removal, the Court continues its analysis.

The Court also notes that, as discussed below, some courts consider "whether the party sought to be joined . . . would be joined under Federal Rule of Civil Procedure 19(a)" in deciding whether to allow amendment under Section 1447(e). *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000). However, this Court does not employ that factor and, even if the Court did, whether Ms. Smith is a necessary and indispensable party is not in itself dispositive and it is clear that Ms. Smith would meet the criteria. *See id.* at 1012 (finding Rule 19(a) standard "met when failure to join will lead to separate and redundant actions" and noting that

The question of how Rule 15 and Section 1447(e) interact is unresolved by the Ninth Circuit. Courts within this circuit and other circuits have spent considerable effort trying to reconcile the two rules. In one of the only Ninth Circuit cases analyzing Section 1447(e), the Court of Appeals said that the "permissive" language of Section 1447(e) "clearly gives the district court the discretion to deny joinder . . . of a diversity destroying-defendant." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In two unpublished decisions since *Newcombe*, the Ninth Circuit again identified Section 1447(e) as the applicable legal standard to this scenario. *See 3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (finding district court had discretion to deny plaintiff's motion "to join a diversity-destroying defendant following removal" based on Section 1447(e) and *Newcombe* factors); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 407 (9th Cir. 2016) ("Plaintiffs sought leave to amend the complaint . . . The district court properly denied the motion because the proposed amendment sought to rejoin diversity-destroying defendants under the analysis required by 28 U.S.C. § 1447(e).").

Although Section 1447(e) itself does not specify how courts should exercise their discretion, in *Newcombe*, the Ninth Circuit affirmed the district court where "[t]he district court considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur." *Newcombe*, 157 F.3d at 691. This Court concludes that based on *Newcombe* and subsequent cases, the Court should consider the factors identified in *Newcombe*.[5] *See generally Wang v. Costco Wholesale Corp.*, No. 22-

---

"amendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19."). Thus, Plaintiff's reply in support of her motion to remand, (Doc. 30), wherein Plaintiff exclusively makes a Rule 19 argument, is (1) misplaced because the standard for remand is Section 1447(e), not Rule 19, and (2) irrelevant to the issue of amendment for the aforementioned reasons.

[5] The Court recognizes that while a majority of courts within the Ninth Circuit agree that Section 1447(e) controls, many of those courts do not apply the factors identified in *Newcombe* and instead consider some version of the following six factors:
> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation*, 125 F. Supp. 2d at 1011; *but cf. Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082

- 3 -

3-CV-01097-JAD-BNW, 2024 WL 279113 (D. Nev. Jan. 9, 2024), *report and recommendation adopted*, No. 22-3-CV-01097-JAD-BNW, 2024 WL 279109 (D. Nev. Jan. 25, 2024) (analyzing split in authorities, deciding Section 1447(e) governs, and applying *Newcombe* factors).

Although Life Time argues that "there is not substantial prejudice against Plaintiff if she forgoes her claims against Ms. Smith individually" because Life Time "can accord complete relief without Ms. Smith," (Doc. 29 at 8), it does not automatically follow that no prejudice exists. *Lieberman v. Wal-Mart Stores, Inc.*, No. 2:12-CV-1650-JCM-PAL, 2013 WL 596098, at *5 (D. Nev. Feb. 15, 2013) ("[A]lthough defendant stated that it can satisfy the judgment, that does not necessarily mean that no prejudice exists."). Rather, in the interest of judicial economy, many courts have found prejudice where denying joinder would force a plaintiff to litigate separate claims involving the same facts. *See, e.g., Rodd v. Stillwater Ins. Co.*, No. CV-16-00497-PHX-PGR, 2016 WL 3970862, at *2 (D. Ariz. July 25, 2016) (noting purpose of joinder "is the avoidance of the risk of multiple litigation involving the same subject matter"); *Verrell v. ROC AZ Villa Antiqua LLC*, No. CV-14-1730-TUC-CKJ, 2014 WL 3556359, at *3 (D. Ariz. July 18, 2014) ("[B]ecause the claims against the sought parties arise out of the same factual circumstances, it is to the economic benefit of all parties, and the judicial system, to have the entire controversy adjudicated only once."); *Yang v. Swissport USA, Inc.*, No. C 09-03823 SI, 2010 WL 2680800, at *5 (N.D. Cal. July 6, 2010) ("Courts have found significant prejudice where claims against proposed non-diverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results, or forego valid claims against the non-diverse defendants."). Such is the case here: if the Court denied

---

(C.D. Cal. 1999) (five factor test); *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) (nine factors).

Here, Life Time applies the six factors from *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575 (D. Ariz. 2003), which closely mirror those from *IBC Aviation*. All this to say that the Court clearly has discretion to consider the factors it finds relevant. Here, there is overlap between the *Newcombe* factors and the *Ansley* factors that Life Time applies, and the Court will incorporate Life Time's analysis as it sees fit.

- 4 -

1  joinder, Plaintiff would be forced to either forego her claim against Ms. Smith or initiate
2  litigation in state court, and the factual basis for any claim against Ms. Smith is the same
3  as that for any claim against Life Time. Plaintiff would therefore be prejudiced if the Court
4  denied joinder.

5  Life Time also includes a number of arguments that attack Plaintiff's diligence in filing the instant motion. While the Court agrees that Plaintiff could have been more proactive in discovering Ms. Smith's identity and bringing this motion, the Court does not find Plaintiff's timing to be unreasonable. As stated above, Plaintiff's motion is timely under the Court's scheduling order, (Doc. 17), and Plaintiff avers she "is not acting in bad faith or attempting to cause undue delays." (Doc. 26 at 5). Upon consideration of the factors, the Court concludes that no injustice would occur if the Court permits Plaintiff to add Ms. Smith as a defendant.

### b. Add Claims

Plaintiff also seeks leave from the Court under Federal Rule of Civil Procedure 15(a)(2) to add claims of (1) negligent hiring, supervision, entrustment, and training, and (2) negligent infliction of emotional distress. (Doc. 26 at 4).

Generally, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

1987)). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

Here, Life Time opposes Plaintiff's motion exclusively under Section 1447(e) and the related factors. Life Time does not, however, argue that the Court should deny Plaintiff's motion based on one of the aforementioned permissible reasons under Rule 15.[6] Although Life Time does include scattered arguments regarding Plaintiff's additional claims in its arguments regarding Ms. Smith, in doing so, Life Time conflates the standard for amending a complaint *to add a post-removal, diversity-destroying defendant* (Section 1447(e)) with the standard for amending a complaint *to add claims* (Rule 15). Consequently, the Court will grant Plaintiff's motion to amend to add the claims.

## II.     CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend, (Doc. 26), is **GRANTED**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[6] Life Time has not made a showing that allowing Plaintiff to add these claims would cause undue delay, that Plaintiff is acting in bad faith, or that Plaintiff has repeatedly failed to cure deficiencies by previous amendments. The Court also notes that no undue prejudice would be placed on Life Time by allowing Plaintiff to amend because the claims "are directly related to the incident alleged" in the first complaint, the amendment is timely under the Court's scheduling order, and no trial date has been set. (Doc. 26 at 5). Finally, nothing suggests that this amendment would be futile.

1  **IT IS FURTHER ORDERED** that Plaintiff shall file the proposed First Amended Complaint in accordance with this Order within **ten (10)** days of the filing of this Order; if Plaintiff fails to file an amended complaint within this deadline, the original complaint will remain the operative pleading in this case.[7]

Dated this 28th day of April, 2025.

James A. Teilborg
Senior United States District Judge

---

[7] The Court will rule on Plaintiff's motion to remand in a separate Order.