**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joan Gatz, | No. CV-24-02691-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Life Time Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Joan Gatz's motion to remand, (Doc. 27). Defendant Life Time Incorporated responded, (Doc. 28), and Plaintiff replied, (Doc. 30). For the following reasons, the Court will grant the motion and remand this case.

Consistent with this Court's recent Order, (Doc. 35), Plaintiff has amended her complaint to (1) substitute Kristina Smith as a defendant and (2) add claims. (*See* Doc. 36 (amended complaint)). Importantly, the substituted defendant is a resident of Arizona and her presence therefore destroys this Court's diversity jurisdiction.[1] (Doc. 36 at 1). The sole basis for federal subject matter jurisdiction in this case is diversity.

Under 28 U.S.C. § 1447(e), if a district court permits joinder of a non-diverse defendant after removal, remand is mandatory. *See Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004) ("[A]lthough the district court's decision to allow joinder of the non-diverse defendants was a discretionary decision, once the non-diverse defendants were joined remand became mandatory. This is precisely the point of § 1447(e)."). Such is

---

[1] Plaintiff is also a resident of Arizona. (Doc. 36 at 1).

the case here.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand, (Doc. 27), is **GRANTED**. This case is **REMANDED** to the Maricopa County Superior Court for further proceedings.

Dated this 2nd day of May, 2025.

James A. Teilborg
Senior United States District Judge